IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, <br> BUZZFEED INC., <br><br> Plaintiffs, <br><br> v. <br><br> DEFENSE INTELLIGENCE AGENCY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:19-cv-02798-RC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FIRST JOINT STATUS REPORT**

Pursuant to this Court's March 27, 2020 Minute Order, the parties hereby submit their joint status report for this Freedom of Information Act ("FOIA") action.

In response to the COVID-19 pandemic, the Court granted Defendant's unopposed motion for a temporary stay on March 27. Prior to the stay, Defendant had completed its initial data collection, and was on track to make an initial production by March 30. Defendant DIA provides the following information updating its FOIA operations:

Consistent with guidance across the federal government and Department of Defense, the Director of DIA directed all personnel who are not essential to DIA's core missions to remain at home. This directive protects the workforce by maximizing social distancing and protect the safety of personnel who are at high risk from COVID-19 under criteria provided by the Center for Disease Control.

In accordance with this guidance, DIA's FOIA officers were directed to stay at home, rather than report to their work locations, since approximately March 17, 2020. Likewise, many

officers from other components of the Agency with whom the FOIA office works to identify and review potentially responsive records were also sent home pursuant to that health guidance.

The Agency has been encouraging its officers at home to telework when possible. However, FOIA collection or processing cannot be done remotely by telework as the systems on which DIA records are maintained are classified systems, and all classified systems and materials must be maintained within a Secure Compartmented Information Facility (SCIF).  Under these circumstances, DIA has had to defer the majority of tasks related to FOIA production, processing, and review, including tasks required to respond to the FOIA request in this case, since approximately March 17, 2020.

In the FAC-2C Records Management & Information Services Branch, which includes agency-level FOIA and Declassification services, 86% of the workforce is self-identified as high-risk in accordance with the DIA Surgeon General's guidance (which in turn is based on the guidance from the Centers for Disease Controls).  Only six of the slightly more than forty officers in the Branch have not identified as high-risk, and therefore, under new guidance for non-essential non-high risk employees, were able to start returning to work on-site in mid-April 2020 with access to classified materials; however, that guidance states that they may only be on-site two days per week in teams to preserve social distancing requirements in DIA facilities.  The six serve as the initial capability for having a minimum presence physically on-site at the FOIA office, and to support further and future reconstitution activities of the FOlA office as described below.  Otherwise, they are also teleworking with no access to classified materials or any FOIA case information.

The FOIA team has a five-person team devoted to litigated matters.  All five members (100%) of this litigation team are part of a population at high-risk of serious

complications from COVID-19. Therefore, these employees are teleworking with no access to classified materials or any FOIA case information for five days per week. The six FOIA officers that are working on-site two days per week are apprentice or near-journeyman level FOIA officers. None of them has experience with FOIA litigation, including preparation of *Vaughn* indices. None of them is knowledgeable about current cases in litigation, such as this one, and they have been therefore unable to conduct work related to this case.

The Agency is actively planning the reconstitution of its entire workforce. Reconstitution will be phased in parallel to improvements in health conditions in the National Capital Region, and in accordance with applicable federal guidance. In accordance with existing guidelines, special attention will be paid to protecting officers who are in populations at higher risk of suffering serious complications from COVID-19.

In step with the overall Agency's plan, the Director of the Office of Facilities and Services is actively planning the reconstitution of DIA's FOIA work force. At this time, it is uncertain when reconstitution will be initiated, but it will begin as soon as DIA is able. However, the COVID-19 situation presents multiple technical challenges that significantly limit FOIA activities of any kind at present; these challenges, while being addressed, are beyond the DIA FOIA's ability to control, and include:

> a. FOIAxpress account access: DIA uses FOIAxpress on a classified network which requires contracted IT Administrators to enable accounts access and system licensing allocation. The current contractor only reports to work one day per week. DIA FOIA has requested to grant FOIAxpress administrative rights permissions to the currently on-site FOIA workforce, but there has been a significant delay in resolution. In the mean-time, no on-site FOIA officers can

access FOIAxpress, which is the DIA system of record for FOIA case management, and which contains documents related to this case;

b.     FOIA shared-drive access: Similar to the above FOIAxpress administrative rights access/permissions, many FOIA cases, including this case, have legacy information stored in a FOIA shared-drive that some current on-site FOIA officers do not yet have permissions to access.  There are significant delays in processing the requests for access due to limited technical personnel servicing higher priority agency mission essential requirements;

c.     Telephone connectivity: During the period leading up to 9 March 2020, DIA FOIA relocated from its legacy facility to a newly leased facility.  All FOIA work was paused during the move, which took place from the end of February and continued until 13 March.  (This move had been scheduled well before the Agency had reason to believe that manning levels would be affected by the pandemic crisis.)  During the move-in to the new offices, many telephone lines were found to lack the ability to receive in-coming calls.  Due to COVID-19, the contractors responsible for fixing this issue are either unavailable, significantly reduced in numbers, or are working higher priority agency mission essential repairs.  Collaboration between on-site and teleworking FOIA officers is possible but degraded;

d.     Post-move logistics impacts: FOIA officers had their workstation environments and FOIA physical case files placed in their new offices and the organization's assigned spaces from approximately March 9 to 13.  Because the

workforce was directed home on March 17, most FOIA officers did not have the opportunity to fully unpack and properly organize their FOIA case files. Litigation cases in particular are currently intensively paper-based. While on-site and teleworking FOJA officers can collaborate for litigation cases, the lack of easy access to files and other required materials/information may degrade production effectiveness in preparing litigation responses.

DIA FOIA will, in accordance with overall DIA phasing and Surgeon General guidance, bring back the FOIA workforce, including its experienced officers and master-level expert litigation team officers, to increasingly augment the on-site 2-day per week teams with 3-days per week telework. However, high-risk personnel may be situationally delayed in returning on-site due to ongoing exposure risks. It will most likely be several months before increased numbers and experience levels return to implement increases in effective FOIA production and review. Ultimately, production and review will be limited as long as there are limits on team members' ability to access classified materials and collaboration in a classified environment, as required for FOIA case processing and review.

DIA is committed to moving as expeditiously as possible consistent with public health guidelines, and will inform DOJ counsel as soon as conditions permit its staff to resume work on this matter in order to avoid any further delay

The parties will continue to confer about the processing of the request.

The parties suggest that they continue their communications and submit another joint status report on July 21, 2020, and every eight weeks thereafter.

                                                        Respectfully submitted,

BY PLAINTIFFS:                      **/s/ Matthew V. Topic**
                                            Matthew Topic

|  |  |
|---|---|
|  | (E-Mail: foia@loevy.com)<br>LOEVY & LOEVY<br>311 N. Aberdeen, Third Floor<br>Chicago, Illinois 60607<br>Tel.: (312) 243-5900<br>Fax: (312) 243-5902 Bar No. IL0037 |
|  | Josh Loevy<br>(E-Mail: josh.loevy@buzzfeed.com)<br>BUZZFEED INC.<br>111 East 18th Street, 13th Floor<br>New York, NY 10003<br>Tel.: (646) 660-0693<br>Fax: (212) 431-7461<br>Bar No. 1008728 |
| BY DEFENDANT: | JOSEPH H. HUNT<br>Assistant Attorney General |
|  | ELIZABETH J. SHAPIRO<br>Deputy Director |
|  | **/s/ Lisa A. Olson**<br>LISA A. OLSON<br>U.S. Department of Justice<br>Civil Division<br>Federal Programs Branch<br>1100 L Street, N.W., Room 12200<br>Washington, D.C. 20005<br>Telephone: (202) 514-5633<br>Telefacsimile: (202) 616-8470 |
| Dated: May 26, 2020 | E-mail: lisa.olson@usdoj.gov<br>Counsel for Defendant |