IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEFENSE INTELLIGENCE AGENCY,<br><br>Defendant. | Case No. 19-cv-02798 (RC) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR <u>SUMMARY JUDGMENT</u>**

## I. INTRODUCTION

The sole issue in this case is whether the Defense Intelligence Agency met its burden to withhold parts of five emails to or from former DIA Director Michael Flynn under FOIA's deliberative process privilege and its foreseeable harm requirement. The agency has met neither burden. As to the deliberative process privilege, DIA fails, as required by established precedent, to provide any details about the supposed decision or decisional process—in some cases redacting *only* the subject of the decision. DIA also fails to meet its foreseeable harm burden for similar reasons: its declaration and *Vaughn* Index are entirely conclusory and boilerplate. The Court should grant summary judgment to Plaintiffs, deny summary judgment to DIA, and order DIA to lift its deliberative process redactions.

## II. BACKGROUND

On June 6, 2019, Plaintiffs Jason Leopold and Buzzfeed, Inc. filed a FOIA request with DIA for various records regarding Michael Flynn in his tenure at DIA and as a subject of Special Counsel Robert Mueller's investigation. Leopold Decl. Ex. 1. Leopold and Buzzfeed sued on

September 18, 2019, after DIA had failed to issue a determination within FOIA's 20 business-day deadline. Leopold Decl. ¶ 6; Compl., ECF No. 1.

After DIA answered, the parties agreed on the scope of DIA's search. Hill Decl. ¶¶ 9-11, ECF No. 60-2. DIA produced some documents, almost all redacted, and withheld others under several FOIA exemptions. *Id*. ¶ 20. DIA eventually provided draft *Vaughn* indices. *Id*. ¶¶ 18-19. After consulting them, Leopold and Buzzfeed elected to limit their challenges to redactions made solely under FOIA Exemption 5 via the deliberative process privilege. Five documents contain such redactions, and they are the subject of this motion.[1]

### III.     LEGAL STANDARD

Under FOIA, the agency has the burden to demonstrate the applicability of an exemption, which the Court reviews *de novo*. 5 U.S.C. § 552(a)(4)(B). And under standard summary judgment principles, summary judgment is "mandat[ed]" if the party bearing the ultimate burden on an issue "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Hall & Assocs. v. EPA*, 956 F.3d 621, 630 (D.C. Cir. 2020) (holding that "FOIA cases are no exception" to general summary judgment principles). Thus, summary judgment is mandated for Leopold and Buzzfeed if DIA has failed to meet its burden.

---

[1] DIA describes Leopold's and Buzzfeed's challenge as a "blanket" one. D. Mem. at 1. It is hard to see why, since Plaintiffs only partially challenge five of the 340 documents DIA processed. And in any event, agencies must prove their exemption claims, and there is nothing improper about requesters holding agencies to their burden of proof.

## IV.     ARGUMENT

**A.     DIA has not shown that the redacted emails are subject to the deliberative process privilege.**

The deliberative process privilege applies only to records that are both predecisional and deliberative.[2] *See Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992). A record is predecisional if it precedes a decision, and deliberative if "prepared to help the agency formulate its position." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 786 (2021). Thus, a record is exempt only if it was "prepared in order to assist an agency decisionmaker in arriving at his decision." *Pavement Coatings Tech. Council v. U.S. Geological Surv.*, 995 F.3d 1014, 1021 (D.C. Cir. 2021). To show that a record is predecisional and deliberative, the agency must establish "what deliberative process is involved, and the role played by the documents in issue in the course of that process." *Id*.

DIA fails entirely to describe "what deliberative process is involved." *Pavement Coatings*, 995 F.3d at 1021. Each of its *Vaughn* index entries adverts vaguely to a "topic" or "task" that is the subject of the supposed deliberation. *See Vaughn* Index, ECF No. 60-4. Its declaration uses similarly vague language. *See* Hill Decl. ¶ 23. And neither says what the topic or task was. This is fatal to its exemption claim. *See Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. DOJ*, 823 F.2d 574, 585 (D.C. Cir. 1987) ("The failure to specify the relevant final decision constitutes a sufficient ground for remanding this aspect of the case to the district court."); *contrast Access Reps. v. DOJ*, 926 F.2d 1192, 1196 (D.C. Cir. 1991) (holding agency met its burden of "identifying the decisionmaking process" to which the record contributed).

---

[2] Exemption 5 also requires the agency to demonstrate that the withheld records are inter- or intra-agency materials. *See* 5 U.S.C. § 552(b)(5). Leopold and Buzzfeed do not dispute the records meet this threshold.

Worse, for at least one document, V-66, DIA redacted *only* the topic of the supposed predecisional deliberation. *See Vaughn* Index at 1 ("Only the name of the topic is redacted on the basis of Exemption (b)(5) alone."). If DIA must specify the decisional topic to satisfy the exemption, *a fortiori* it cannot redact that topic from the record itself. And indeed, it is beyond the pale that merely listing the topic of the decision could "assist an agency decisionmaker in arriving at his decision." *Pavement Coatings*, 995 F.3d at 1021. DIA has therefore failed to show that any redactions are subject to the deliberative process privilege.

### B. DIA has not shown that disclosing the records would cause foreseeable harm.

Even if DIA had met its Exemption 5 burden, though, it has certainly failed to show foreseeable harm from disclosure as required by FOIA. *See* 5 U.S.C. § 552(a)(8)(A)(i)(I). Since Exemption 5 protects against chills to agency deliberations, to establish foreseeable harm in connection with that exemption, the agency must provide "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021). "Vague and conclusory filings will be insufficient" to meet the agency's burden. *Leopold v. DOJ*, 94 F.4th 33, 38 (D.C. Cir. 2024).

DIA's foreseeable harm justifications are just that: vague and conclusory. The five *Vaughn* Index entries say exactly the same thing about harm to agency deliberation: that "[d]isclosure of such information would reasonably cause harm to the Agency by discouraging open discussions on matters of policy between subordinates and superiors." *Vaughn* Index at 1-2. This simply "mouth[s] the generic rationale for the deliberative process privilege itself," and is therefore insufficient to show foreseeable harm. *See Reps. Comm.*, 3 F.4th at 370; *cf. Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 90 (D.D.C. 2009) ("Where the agency's affidavits or

declarations merely 'parrot the language of the statute and are drawn in conclusory terms,' as they are here, the Court's ability to conduct its own review of the agency's determinations is severely frustrated.") (*quoting Carter v. U.S. Dep't of Com.*, 830 F.2d 388, 329-93 (D.C. Cir. 1987)). Indeed, it is even more generic and less detailed than the description the D.C. Circuit found insufficient in *Reporters Committee*.[3]

DIA's declaration fares no better. It says essentially the same thing as the *Vaughn* Index, adding only that disclosure could chill deliberations "concerning sensitive foreign intelligence and national defense issues." Hill Decl. ¶ 24. But that addition is worth nothing. DIA's function is to "inform[] national civilian and defense policymakers about the military intentions and capabilities of foreign governments and non-state actors." *Id.* ¶ 3. So saying that the redacted passages concern national security and foreign intelligence says nothing more than that they involve the DIA's functions. And as multiple courts in this District have recognized, an agency may not meet its foreseeable harm burden simply by "turn[ing] the generalized justification from *Reporters Committee* into a game of 'Mad Libs' and fill[ing] in the blanks with the name of the agency and the things that it does." *Nat'l Pub. Radio, Inc. v. DHS*, No. 1:20-CV-2468-RCL, 2022 WL 4534730, at *8 (D.D.C. Sept. 28, 2022), dismissed, No. 22-5311, 2023 WL 2717669 (D.C. Cir. Mar. 27, 2023); *see also Ams. for Fair Treatment v. U.S. Postal Serv.*, 663 F. Supp. 3d 39, 60

---

[3] *See Reps. Comm.*, 3 F.4th at 370 (finding insufficient the agency's claim that "[d]isclosure of [material containing or prepared in connection with the formulation of opinions, advice, evaluations, deliberations, policies, proposals, conclusions, or recommendations] would have an inhibiting effect upon agency decisionmaking and the development of policy because it would chill full and frank discussions between agency personnel and decision makers regarding a decision. If agency personnel know that their preliminary impressions, opinions, evaluations, or comments would be released to the general public, they would be less candid and more circumspect in expressing their thoughts, which would impede the fulsome discussion of issues necessary to reach a well-reasoned decision.") (second alteration in original).

(D.D.C. 2023) (same); *Colo. Wild Pub. Lands v. U.S. Forest Serv.*, No. 21-cv-2802 (CRC), 2023 WL 5846678, at *8 (D.D.C. Sept. 11, 2023) (same).  That is exactly what DIA does here.[4]

DIA also adds in some of its *Vaughn* Index entries that disclosure would reasonably "cause confusion to the public from disclosure of reasons/rationales that were not ultimately the bases for the Agency's action(s)." *Vaughn* Index at 1-2.  But public confusion is not in and of itself a harm cognizable by Exemption 5.  That is because that exemption focuses solely "on whether disclosure will harm intra-agency candor and efficiency." *Pavement Coatings*, 995 F.3d at 1022.  Thus, as this Court recently held, "public confusion suffices as a harm justifying withholding under Exemption 5 only where the fear of public confusion would stifle intra-agency dialogue," which, as a matter of logic, can only occur if the agency still has a decision left to make. *Nat'l Ass'n of Minority Veterans v. U.S. Dep't of Veterans Affs.*, No. 21-cv-1298 (RC), 2024 WL 810032, at *8 (D.D.C. Feb. 27, 2024).  But DIA has no decision left to make for any of the redacted passages.  This is clear from the *Vaughn* Index, which refers to DIA's purported decisions in the past tense. *See Vaughn* Index at 1-2 (referring to "reasons/rationales that **were** not ultimately the bases for the Agency's action(s)") (emphasis added).[5]  So the public confusion justification does not apply here.  DIA has not shown foreseeable harm and cannot withhold these records under Exemption 5.

Finally, DIA's foreseeable harm arguments are implausible.  To accept them, the Court would have to believe that in the course of discussing important issues with national defense

---

[4] Of course, DIA does not claim that disclosing the material would actually harm national security, since none of the redactions challenged by Leopold and Buzzfeed involve information DIA claims to be classified.

[5] DIA's declaration says that "until the relevant officials speak to the concerned issues, no decision is final." Hill Decl. ¶ 26.  But it does not claim that any of the purported decisions in this particular case have not been made.  Nor could it.  For instance, two of its *Vaughn* Index entries say that the withheld discussions concern unidentified "time-sensitive topic[s]." *Vaughn* Index at 1, 2.  Those discussions are ten years old, so any time-sensitive decision is necessarily long over.

implications, DIA officials would risk the defense of their country by holding their tongues if they knew what they said might someday be made public. That claim is absurd, and it is not supported by a shred of actual evidence.

## V.    CONCLUSION

The Court should grant summary judgment to Plaintiffs, deny summary judgment to DIA, and order DIA to lift its deliberative process redactions.

Dated:  April 25, 2024						Respectfully submitted,

							*/s/ Stephen Stich Match*
							Matthew Topic, D.C. Bar No. IL0037
							Stephen Stich Match, D.C. Bar No. MA0044
							Merrick Wayne, D.C. Bar No. IL0058
							LOEVY & LOEVY
							311 N. Aberdeen, Third Floor
							Chicago, IL 60607
							Tel. (520) 488-0486
							match@loevy.com
							foia@loevy.com

							*Attorneys for Plaintiff*