IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEFENSE INTELLIGENCE AGENCY,<br><br>Defendant. | Case No. 19-cv-02798 (RC) |

**PLAINTIFFS' REPLY MEMORANDUM
IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

DIA has abandoned all but one redaction. Despite submitting a supplemental declaration, it still fails to show that disclosing the remaining information—part of an email in which the Director of National Intelligence opines on whether two government officials should travel to Germany—would cause foreseeable harm if disclosed. Plaintiffs are entitled to summary judgment.

## II. ARGUMENT

To meet its foreseeable harm burden, DIA must provide "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede" agency deliberations. *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021). DIA has not met that burden for three reasons.

First, DIA's supplemental declaration is too speculative. It states that disclosure "***could*** impair the efficient daily workings of the ODNI" and that its employees, consequently, "***could*** be

more circumspect in their discussions with each other." Koch Decl ¶ 15, ECF No. 65-1 (emphases added). But as *Reporters Committee* teaches, "could" is not good enough: "In the context of withholdings made under the deliberative process privilege, the foreseeability requirement means that agencies must concretely explain how disclosure 'would'—not 'could'—adversely impair internal deliberations." *Reps. Comm.*, 3 F.4th at 369-70. DIA's supplemental declaration fails this basic requirement.[1]

Second, DIA's supplemental declaration consists merely of "a series of boilerplate and generic assertions that release of any deliberative material would necessarily chill internal discussions." *Reps. Comm.*, 3 F.4th at 370. In substance, all it says is that releasing the redacted passage could reduce candor among unspecified "ODNI and IC personnel," including in "discussions about official travel." Koch Decl. ¶ 15. But like its prior submissions, DIA has simply "turned the generalized justification from *Reporters Committee* into a game of 'Mad Libs' and filled in the blanks with the name of the agency and the things that it does." *Nat'l Pub. Radio, Inc. v. DHS*, No. 1:20-CV-2468-RCL, 2022 WL 4534730, at *8 (D.D.C. Sept. 28, 2022), dismissed, No. 22-5311, 2023 WL 2717669 (D.C. Cir. Mar. 27, 2023); *see also Americans for Fair Treatment v. United States Postal Serv.*, 663 F. Supp. 3d 39, 60 (D.D.C. 2023) (same); *Colorado Wild Pub. Lands v. U.S. Forest Serv.*, No. 21-cv-2802, 2023 WL 5846678, at *8 (D.D.C. Sept. 11, 2023) (same). In particular, DIA has made no effort to explain how disclosing a few

---

[1] True, the supplemental declaration does refer to what "would" happen in certain circumstances. Koch Decl. ¶ 15. But read in context, these claims about what "would" happen are contingent on the occurrence of what DIA says merely "could" happen. Thus, for instance, DIA speaks of a "resulting lack of candor" that "would" impair forthright internal discussions, but only claims that the resulting lack of candor would result from officials being more circumspect in their discussions with each other—something the declaration only says "could" happen. *Id*. So DIA's claim about what "would" happen are just as speculative as the "could" scenarios on which they are based. Under *Reporters Committee*, that is not enough to show foreseeable harm.

- 3 -

lines from an email by the long-retired Director of National Intelligence, on a stale topic, would impact the deliberations of an unspecified category of intelligence communication personnel. That is fatal to its foreseeable harm defense.

Third, it is simply implausible that disclosing the email would reduce candor. *See Colorado Wild Pub. Lands*, 2023 WL 5846678, at *9 (holding agency failed to meet its foreseeable harm burden because agency's arguments were simply "unpersuasive"). It bears stressing that while the email involves a possible visit to a foreign country, DIA has never claimed that releasing it would harm U.S. foreign policy. In fact, this is one of the few documents DIA did not withhold as classified under Exemption 1. *See* Hill Decl. ¶ 20, ECF No. 60-2 (discussing DIA's redactions). So for aught it appears—and for aught DIA has said—this is simply an email in which a Senate-confirmed government official opines on whether two people should take a trip. This issue is so mundane that any chilled candor is remote. *See Rosenberg v. Dep't of Def.*, 342 F. Supp. 3d 62, 80 (D.D.C. 2018) (holding that disclosing "mundane material" is unlikely to harm candor), on reconsideration in part, 442 F. Supp. 3d 240 (D.D.C. 2020). Despite bearing the burden, DIA offers no contrary proof.

## III.  CONCLUSION

The Court should grant summary judgment to Plaintiffs, deny summary judgment to DIA, and order DIA to lift its deliberative process redactions.

Dated: June 25, 2024

Respectfully submitted,

*/s/ Stephen Stich Match*
Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
Tel. (520) 488-0486
match@loevy.com
foia@loevy.com

*Attorneys for Plaintiff*